IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 18 CR 339-3 |
| JESSICA WILLIAMS, | ) | Judge John R. Blakey |
| | ) | |
| | ) | |
| Defendant. | ) | |

JESSICA WILLIAMS' MOTION TO COMPEL DISCOVERY

NOW COMES Defendant, JESSICA WILLIAMS, through her counsel, JOSHUA B. ADAMS, pursuant to Fed. R. Crim. P. 16.1, *Brady v. Maryland*, and the *Jenks* Act, and respectfully requests this Honorable Court compel the government to disclosure unredacted law enforcement reports related to the charges against Ms. Williams. In support of her motion, Ms. Williams states the following.

I. Background

On November 13, 2019 the government indicted Ms. Williams with one count of conspiracy to dispose of a firearm to a prohibited person, and three counts of disposing of a firearm to a prohibited person.

Then, on November 25, and December 13, 2019 the government produced voluminous discovery consisting of reports of witness interviews and audio and video recordings. In a significant portion of the FBI 302s, the government redacted the names of the witnesses. In some of these reports, the witness

1

makes statements about Ms. Williams and her purchase of firearms listed in the indictment.

Ms. Williams contacted the government and requested unredacted copies. The government stated that because it will not call these witnesses to testify, Ms. Williams is not entitled to their names. For the reasons discussed below, Ms. Williams respectfully requests this honorable court order the government to disclose the witnesses' information so that she may adequately defend herself in this criminal case.

II. Legal Analysis

1. Pre-trial discovery

It is a hallmark of our judicial system that a "defendant's right to a fair trial . . . is guaranteed by due process." *United States v. Ben-Yisrayl*, 540 F.3d 542, 552 (7th Cir. 2008)(citing *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963)); *United States v. Wilson*, 481 F.3d 475, 480 (7th Cir. 2007). A "constituent element of this guarantee is a defendant's right, grounded in the Fifth and Sixth Amendments, to introduce evidence in his own defense." *Id*. Although the due process clause has not held to require discovery in criminal cases, "in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a search for the truth so far as defense witnesses are concerned, while maintain 'poker game' secrecy for its own witnesses." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973).

Rule 16(a) specifically provides for the inspection and copying of any

"papers, documents, data, photographs . . . within the government's possession, custody or control and the item is material to preparing the defense." Fed. R. Crim.P. 16(a)(1)(E). This aim of this rule is to provide a "just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2.

Most importantly, the government has a continued obligation throughout the duration of a criminal proceeding to disclose discovery material. *See* Fed. R. Crim. P. 16(c). It is firmly established that "a defendant is prejudiced under Rule 16 when he is unduly surprised and lacks an adequate opportunity to prepare a defense." *United States v. Mackin*, 793 F.3d 703 (7th Cir. 2015).

With respect to pre-trial discovery, discovery orders in criminal cases should always be designed to safeguard the defendant's constitutional rights to due process and a fair trial and to assist the court in the proper administration of the case. "Broad discovery not only provides vastly improved adjudicative efficiency, but also protects defendants from elements of surprise that can have an inordinately prejudicial outcome on a case." *United States v. Gallo*, 654 F.Supp. 463, 466 (E.D.N.Y. 1987). Broad pre-trial discovery helps "to ensure the proper administration of justice." *Id.* Congress recognized the need for broad discovery "in minimizing the undesirable effect of surprise at trial and . . . by otherwise contributing to an accurate determination of guilt or innocence." *Notes on Committee on the* Judiciary, House Rept. No. 247, 94th Cong., 1st Sess. 13.

3

The court possess the power to oversee the discovery process, and thus to forward the sound public policy of broad pre-trial discovery. *Gallo*, 654 F.Supp. at 467. Additionally, the court is not limited to what is plainly required by Rule 16. The court has within its power, the authority to order discovery "more far-reaching than that mandated by Rule 16." Rather, Rule 16 only defines *minimum* discovery required. *Id.*

2. Right to Exculpatory Evidence and Evidence of Witness Credibility

The prosecution's suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government's duty in this matter is not limited to the production of only clearly exculpatory evidence, but also to issues of witness credibility. *Giles v. Maryland*, 386 U.S. 66, 74 (1967). The government's obligation extends to any favorable material which could assist counsel in "obtaining further evidence." *Id.* Rule 16 is designed to provide a criminal defendant, in the interest of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid him in presenting his side of the case." *United States v. Karake*, 281 F.Supp.2d 302, 306 (D.D.C. 2003). The government "should err on the side of disclosure . . ." *Id.* The government is obligated to disclose any information that reflects that the defendants are equally or less culpable than other co-conspirators, and the assertion that the government's investigation is ongoing is,

4

without more, insufficient to overcome the need for disclosure." *Id.*

3. Ms. Williams is entitled to unredacted discovery related to crimes the government accuses her of committing.

Ms. Williams is charged with purchasing a firearm and delivering it to a prohibited person, namely, her husband. During its investigation, the FBI interviewed the clerk at the gun store where Ms. Williams lawfully purchased her firearms that are at the center of this case.

Ms. Williams' seeks to interview this witness to further her own investigation in the event there is exculpatory information. The information this clerk could provide is relevant to Ms. Williams' intent to commit the charged conduct. In short, this redacted material is discoverable under *Brady*. Without reading these reports and conducting his own investigation, Ms. Williams is left punching in the dark. Simply because the government may choose not to call these witnesses at trial does not mean Ms. Williams is prohibited from speaking to them.

The government cannot simply hide the names of witnesses it interviewed because their statements do not fit their theory of the case. It is necessary for Ms. Williams to interview these witnesses so that her counsel may effectively and zealously represent her at trial before this court.

5

CONCLUSION

WHEREFORE, Ms. Williams respectfully requests this honorable court order the government to tender unredacted law enforcement reports previously tendered in discovery on November 25 and December 13, 2019.

Respectfully submitted,

/s/Joshua B. Adams
Joshua B. Adams
Counsel for Jessica Williams

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312) 566-9173